THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LESTER J. OCHOA, CHARLOTTE
R. OCHOA,

        Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
as Trustee for the Chevy Chase
Funding Mortgage Backed
Certificates, Series 2005-3,

        Defendant.

No. 6:14-cv-00479-PA

**ORDER**

**PANNER, J.**

This matter comes before the Court on Defendants' Motion to Dismiss and Request for Judicial Notice (#12). Defendant's motion is GRANTED. This case is DISMISSED with prejudice.

## Background

This case has already been extensively litigated and the factual background is well known to both parties. Plaintiffs received a loan for the purchase of the Property, later

1 - ORDER

defaulted on that loan, and Defendant initiated foreclosure proceedings. Plaintiffs filed suit in federal court under various claims disputing the validity of the debt and Defendant's standing to foreclose; they were unsuccessful. The court granted summary judgment and issued a judgment of foreclosure. Plaintiffs later filed suit in state court seeking to stay the sale of the Property, also unsuccessfully. They come now bringing essentially the same claims as brought in the original action.

## Legal Standard

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652

2 - ORDER

F.3d 1202, 1216, reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

In general, a court cannot consider any material outside of the pleadings when ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995) (citing Fed. R. Civ. P. 12(b)). However, under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice, on its own or at a party's request, of "matters of public record." Lee v. Cnty. Of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Rule 201 allows judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For instance, a court may take judicial notice of complaints and briefs filed in another case to determine what issues were litigated before that court. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

## Discussion

As a preliminary matter, Defendant has asked the Court to take judicial notice of court filings from a previous District

3 - ORDER

of Oregon proceeding involving the parties (<u>Ochoa v. Capital One, NA, et al.</u>, 2012 WL 2921373 (D. Or. July 16, 2012) (<u>Ochoa I</u>)), as well as of court filings and public records relating to a second proceeding between the parties in Linn County Circuit Court (<u>Ochoa v. Capital One, NA, et al.</u>, No. 13CV05926 (Linn Cnty. Or. Mar. 4, 2014)). Because the documents are matters of public record, and because their authenticity cannot reasonably be questioned, Defendant's request for judicial notice is GRANTED.

Plaintiffs' complaint asserts claims for violation of the Fair Debt Collection Practices Act (FDCPA), intentional misrepresentation, fraud, and unjust enrichment, while seeking declaratory relief, injunctive relief, cancellation of instruments, and to quiet title. Defendant argues that Plaintiffs' complaint should be dismissed because it is barred by res judicata, and to the extent that Plaintiffs' FDCPA claim arose subsequent to the prior litigation, should nonetheless be dismissed because Defendant is not a "debt collector" as defined in the FDCPA.

### A. Plaintiffs' First Claim

Plaintiffs' first claim is for violation of the Fair Debt Collection Practices Act (FDCPA). Courts in this District have held that actions taken to foreclose on a property pursuant to a Deed of Trust are not a debt collection within the meaning of the FDCPA. <u>Hulse v. Ocwen</u>, 195 F.Supp.2d 1188, 1204 (D. Or.

4 - ORDER

2002); Lampshire v. Bank of America, No. 6:12-cv-1574-AA, 2013 WL 1750479 at *3 (D. Or. April 20, 2013).

As this claim relates entirely to Defendants' attempt to foreclose the property, I conclude Plaintiffs cannot state a claim for violation of the FDCPA. Accordingly, this claim is DISMISSED.

### B. Plaintiffs' Second through Eighth Claims

All of Plaintiffs' other claims relate back to the original suit filed in 2011 (Ochoa I) and have to do with the validity of the underlying debt and of the foreclosure of the Property, as well as alleged fraud and misrepresentation on the part of Defendant. As these claims have been previously litigated in Ochoa I, the Court finds that they are barred by res judicata.

Res judicata, or claim preclusion, "applies only where there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties'." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (citation and internal quotation marks omitted)). The only element at issue here is the first. The second element, the requirement of a final judgment, is met because the previous case, Ochoa I, concluded with a final judgment on the merits.

The third element, the requirement of privity between the parties, is met because Plaintiffs and Defendant were both parties to the original suit. See Tahoe-Sierra, 673 F.3d at 1081 ("We first note that several parties in both actions are identical, and therefore quite obviously in privity.").

This leaves only the first element. This Court considers four factors in determining an "identity of claims":

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citation omitted). "The last of these criteria is the most important." Id. at 1202 (citation omitted).

Here all four factors weigh in favor of an identity of claims. First, if Plaintiffs were again permitted to challenge the validity of the debt and foreclosure, Defendant's rights and interests, as established by the Judgment in Ochoa I, would be destroyed or impaired; it was precisely Defendant's rights and interests as previously established that are again being challenged here.

Second, substantially the same evidence has been presented in both actions. While Plaintiffs continue to raise questions

6 - ORDER

of Defendant and allege the sending of a dunning letter subsequent to the Judgment in Ochoa I, they have nonetheless failed to submit substantial new evidence that was not available in the previous case. With little, if any, new evidence and the same issues in dispute, in litigating the instant case both parties would be obligated to rely on substantially the same evidence brought forth in Ochoa I.

Third, the previous case and the current one involve infringement of the same right, that is, the rights and obligations of Plaintiffs under their loan. Plaintiffs again present allegations concerning the validity of their debt, the standing of Defendant to foreclose, and purported fraud. All of these, however, arise out of the same transaction and circumstances as were previously litigated.

Fourth, and most importantly, both cases arise from the same nucleus of facts. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (quoting Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000)). Plaintiffs took out a loan for the purchase of the Property, defaulted on the payments, and contested the

7 - ORDER

foreclosure. This nucleus of facts was the basis for Plaintiffs' first suit, and comprises the basis of the current suit, notwithstanding the slight differences in causes of action presented. See Tahoe-Sierra, 322 F.3d at 1077-78 ("The fact that res judicata depends on an identity of claims does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated.").

This Court finds that there is an identity of claims between the two suits. The doctrine of res judicata bars Plaintiffs from relitigating claims that have already been adjudicated. Accordingly, Plaintiffs' second through eighth claims for relief are DISMISSED.

8 - ORDER

## Conclusion

Defendant's Motion to Dismiss (#12) is GRANTED. This case is DISMISSED. Because these claims have already been litigated and no amendment could cure their defects, dismissal is with prejudice.

IT IS SO ORDERED.

DATED this __15__ day of August, 2014.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

9 - ORDER